UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JUDITH YOUNG**
    Plaintiff

**v.**                                                                                                                                   No. 5:08CV-00120-J

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT**
**and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Dennis Fentress. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 8 and 11, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on February 28, 2008, by administrative law judge (ALJ) James Craig. In support of his decision denying Title II benefits, Judge Craig entered the following numbered findings:

    1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

    2. The claimant has not engaged in substantial gainful activity since August 1, 2005, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).

    3. The claimant has the following severe impairments: a history of Hepatitis C, a history of bladder spasms, and a history of hypertension (20 CFR 404.1520(c)).

    4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

     5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a). She can lift and carry a maximum of 10 pounds. She can sit for a full workday with normal breaks and rest periods.

     6. The claimant is capable of performing past relevant work as an office clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

     7. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2005, through the date of this decision (20 CFR 404.1520(f)).

(Administrative Record (AR), pp. 11-14).

## Governing Legal Standards

     1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a <u>de minimis</u>, or significant, effect on the claimant's ability to work is "severe," and the sequential

evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

### Discussion

Among other things, the plaintiff suffers from hepatitis C infection which she contracted during a blood transfusion in 1980. She was diagnosed in 1981. The plaintiff contends that she suffers from disabling fatigue and concentration deficits. On January 29, 2008, her treating physician, Don Perkins, opined as follows (AR, p. 265):

> The patient does have a history of hypertension, hepatitis C and history of general malaise. I do not believe the patient would be able to perform an 8 hour job, five days a week based on her above diagnoses. I do believe the illnesses have left her fatigued and unable to concentrate for any long length period of time.

In his written decision, the ALJ stated that he was not "persuaded to give significant or controlling weight to the opinion of Dr. Perkins (AR, p. 14).

The plaintiff's primary contention upon judicial review is that "the treating physician's opinion mandates a finding of disability" (Docket Entry No. 8, p. 4). The plaintiff admits that her symptoms of fatigue and concentration deficits related to hepatitis C infection are, like those associated with fibromyalgia, subjective by nature, i.e., "not the type of symptoms that can be supported by objective medical findings" (Docket Entry No. 8, p. 6). The plaintiff further concedes that, generally, a treating physician's medical opinion is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(d)(2). Nevertheless, according to the argument, due to the inherently subjective but real nature of the symptoms associated with hepatitis C infection and because Dr. Perkins' opinions were supported by as much objective data as the medical condition itself permits, it follows that "[t]he treating physician [and not the ALJ] would therefore be in the best position to properly evaluate the claimant's condition," i.e., the ALJ was required to give significant or controlling weight to Dr. Perkins' disabling opinions, despite of lack of supporting objective medical findings (Docket Entry No. 8, p. 6).

The magistrate judge concludes that the argument is unpersuasive for the following reasons:

1. As a threshold matter, Dr. Perkins' opinions are not legitimate medical opinions and, as such, are entitled to no special weight. "A statement by a medical source that you are 'disabled' or 'unable to work,'" your residual functional capacity (RFC), and any other opinion that would

5

"direct the determination or decision of disability" are not "medical opinions" but rather "medical source opinions on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(e). Such opinions are entitled to no "special significance." Id. Therefore, the ALJ was entitled to give Dr. Perkins' opinions no "significant or controlling weight" (AR, p. 14), without analyzing them under the framework of § 404.1527(d) ("how we weigh medical opinions").

    2. The ALJ was required to evaluate the effects of the plaintiff's subjective but real symptoms upon her ability to work pursuant to the legal standards codified at Social Security Ruling (SSR) 96-7p and 20 C.F.R. § 404.1529 ("How we evaluate symptoms, including pain"). Unless the objective medical evidence confirms the severity of the alleged subjective symptoms, the Commissioner will consider various medical and non-medical factors, including daily activities, medication, treatment, and other measures to alleviate pain. § 404.1529(c)(3). The magistrate judge concludes that the ALJ's decision reflects a proper consideration of these medical and non-medical factors.

    3. We are not persuaded by the plaintiff's central contention that, where the symptoms are necessarily subjective due to the nature of the medical impairment, the treating physician and not the ALJ is in the best position to determine the claimant's RFC. "The absence of sufficient objective medical evidence [confirming the degree of subjective symptoms alleged] makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir., 1997). In the present case, there is evidence to constitute an adequate basis for the Commissioner's final decision.

4. Absent a compelling reason, a reviewing court should not disturb an ALJ's credibility findings. *Smith v. Secretary*, 307 F.3d 377, 379 (6th Cir., 2001). The ALJ and not a reviewing court is to make credibility findings regarding a claimant's subjective complaints. *Murphy v. Secretary*, 801 F.2d 182, 184 (6th Cir., 1986). The magistrate judge concludes that the plaintiff has failed to show that the ALJ acted outside his province or abused his discretion in reaching his credibility findings.

The plaintiff's second and final numbered contention is that "the administrative law judge failed to follow the required legal standards in the evaluation of Dr. Perkins' opinion" (Docket Entry No. 8, p. 8). The argument is unpersuasive for the reasons indicated above, perhaps most pertinently because Dr. Perkins' disabling opinions were not medical opinions.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).